967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zosimo Fernando CORTES, Defendant-Appellant.
 No. 91-50734.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 18, 1992.
 
 Before WALLACE, Chief Judge, and BRUNETTI and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM
 
 1
 Cortes appeals from his conviction, subsequent to his conditional guilty plea, for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Cortes moved to suppress the marijuana found in his trunk, arguing that under United States v. Martinez-Fuerte, 428 U.S. 543 (1976), motorists may be stopped at checkpoints only for questioning regarding immigration status, and once agents have verified the legality of that status they must let the motorists proceed. The district court denied the motion, finding that agents had sufficient cause to refer Cortes to the secondary inspection area, and that Cortes consented to the search.
 
 
 3
 In Martinez-Fuerte, the Supreme Court established that brief detention of motorists at Border Patrol checkpoints are permissible under the fourth amendment. Id. at 558. The Court also approved of selective referral of motorists to secondary inspection to allow the questioning and visual inspection. Id. at 563. Checkpoint searches, however, must be justified either by consent or probable cause to search. Id. at 567.
 
 
 4
 Cortes argues that his consent was given only after the government had "extend[ed] the detention beyond the time required for immigration purposes," thus obligating "the government [to] present some justification for the brief additional delay." United States v. Taylor, 934 F.2d 218, 220 (9th Cir.1991), cert. denied, 112 S.Ct. 971 (1992), citing Martinez-Fuerte, 428 U.S. at 557-58. In Taylor, however, we held that the checkpoint detention was "proper" where the Border Patrol agent "ascertain[ed] that Taylor was a U.S. Citizen, [and] asked for permission to inspect the hatchback-trunk area of the vehicle." 934 F.2d at 219-20. In United States v. Preciado-Robles, No. 91-50332, slip op. 5639, 5643 (9th Cir. Jan. 21, 1992), moreover, we expressly rejected the idea that a detention must end once valid immigration papers are produced.
 
 
 5
 In this case, there is no evidence that the agent's request for permission to inspect the trunk of the car was motivated by a desire other than to inspect for immigration-related offenses. Indeed, to the contrary, all the evidence presented at the hearing on the motion to suppress was that agents were suspicious of possible alien-smuggling. In short, there is no basis for concluding that the agent's request to inspect the trunk area exceeded the "bounds appropriate for an immigration stop." United States v. Morales, No. 91-50513, slip op. 4161, 4165 (9th Cir. Apr. 17, 1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4